UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCA VILLANUEVA-ESSIG<br>and husband, DAVID ESSIG, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 2:12-00038<br>Judge Sharp |
| WAL-MART STORES EAST, L.P., | )<br>)<br>) | |
| Defendant. | ) | |

**MEMORANDUM**

This is a premises liability case governed by Tennessee law that arose after Plaintiff Francisca Villanueva-Essig slipped while exiting a Wal-Mart store in Crossville, Tennessee. Defendant Wal-Mart Stores East, L.P. has filed a Motion for Summary Judgment with accompanying Memorandum (Docket Nos. 14 & 15), to which Plaintiffs[1] have responded in opposition (Docket No. 18) and Defendant has replied (Docket No. 19). For the following reasons, Defendant's Motion will be granted.

**I. FACTUAL BACKGROUND**

In support of its Motion for Summary Judgment, Wal-Mart has submitted a statement of facts and, in response, "Plaintiff [sic] avers to the set of facts set forth by the Defendant." (Docket No. 18 at 1). Those facts (without citation to the record) are as follows:

> On March 21, 2011, Ms. Essig "slipped and stumbled in a damp area littered with debris" as she was exiting defendant's store in Crossville, Tennessee. Ms. Essig did not fall to the floor. Ms. Essig believes that she slipped on "a piece of lettuce or

---

[1] Mrs. Villanueva-Essig's husband, David Essig, has filed a claim for loss of consortium.

1

produce on the floor with a wet spot." Specifically, Ms. Essig saw one piece of green lettuce on the floor after she slipped. Ms. Essig did not see the lettuce or the water on the floor before she slipped because she was looking for the customer service department. Ms. Essig admitted that the lettuce and water were open and obvious and clearly visible had she been looking at the ground.

Ms. Essig has no idea how the lettuce and water got on the floor. Ms. Essig has no idea how long the lettuce and water had been on the floor before she slipped. Ms. Essig does not know if anyone at Wal-Mart knew about the lettuce and water on the floor before she slipped. Ms. Essig has no evidence that Wal-Mart should have known about the lettuce and water on the floor before she slipped.

Essentially, the plaintiffs only sued Wal-Mart because Ms. Essig was injured on its property, not because Wal-Mart did anything specifically wrong.

(Docket No. 15 at 1-2).

Plaintiffs claim that Wal-Mart had a duty to maintain the floors in a safe condition and that Wal-Mart was negligent in failing to do so. They also claim that Wal-Mart knew or should have known of the lettuce and water on the floor, but failed to remove the same or warn of its existence.

## II. STANDARD OF REVIEW

A party may obtain summary judgment if the evidence establishes there are not any genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Covington v. Knox County School Sys., 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. See Martin v. Kelley, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Covington, 205 F.3d at 914 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not

2

so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. APPLICATION OF LAW

Ms. Villanueva-Essig sues for negligence.[2] "To establish negligence, one must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). The first element, the duty owed plaintiff, "is a question of law to be determined by the court." Id.

"In the context of a premises liability case, the Tennessee courts have stated that a business owner breaches the duty of care owed to its customers when it allows a dangerous condition or defect to exist on the premises if that condition or defect was created by the owner, operator or his agent; or, if the condition is created by someone else, when the business owner had actual or constructive notice that the dangerous condition or defect existed prior to the injury." Morris v. Wal-Mart Stores, Inc. 330 F.3d 854, 858 (6th Cir. 2003). That is, "[t]he duty owed a customer by a proprietor of a place of business 'is to exercise reasonable care to keep the premises in a

---

[2] Mr. Essig's loss of consortium claim is derivative because it originates from Ms. Villanueva-Essig's claim for personal injuries. Hunley v. Silver Furniture Mfg. Co., 28 S.W.3d 555, 557 (Tenn. 2001).

3

reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible[.]'" Simmons v. Sears, Roebuck & Co., 713 S.W.2d 640, 641 (Tenn. 1986) (quoting, Allison v. Blount Nat'l Bank, 54 Tenn. Ct. App. 359, 390 S.W.2d 716, 718 (1965)).

"The plaintiff in a premises liability action must prove the existence of a dangerous or defective condition that '(1) was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident.'" Dickerson v. Rutherford County, 2013 WL 1501783 at *4 (Tenn. Ct. App. April 11, 2013) (quoting, Martin v. Washmaster Auto Center, USA, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)). "Constructive knowledge may be demonstrated by proving that 'the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of such condition,'" or "by proving that the Defendant's method of operation resulted in a foreseeable hazardous situation.'" Id.

The negligence claim fails in this case because Plaintiffs have failed to present evidence which would suggest that Wal-Mart caused the condition or had knowledge of the condition so as to have breached a duty of care.

There is absolutely no evidence that Wal-Mart had actual notice that there was a piece of lettuce and water on the floor. As for constructive notice, Plaintiff argues that the same can be inferred because the fall occurred in a "very busy area of the store with employees and agents of the Defendant nearby." (Docket No. 19 at 1). Leaving aside that Plaintiff does not cite the record for these factual propositions, no evidence has been presented that indicates who caused the condition,

4

or how long the condition existed, let alone evidence that the length of time was enough that "nearby" Wal-Mart employees in the exercise of reasonable care should have discovered the condition in a "busy" area of the store.

Despite the lack of any evidence which indicates how the lettuce and water ended upon on the floor, who may have been responsible for the condition, how long the condition existed, or knowledge by Wal-Mart, Plaintiff claims that this case should be submitted to the jury under the doctrine of *res ipsa loquitur*. In response, Wal-Mart cites several cases for the proposition that "*res ipsa loquitur* is generally not applicable to injuries that occur in the self-service retail setting or where third parties have access to the area or instrumentality causing the injury." (Docket No. 19 at 2). This being a general proposition, however, it is subject to exception as evidenced by the Sixth Circuit's decision in Morris which held that a premises liability action governed by Tennessee law should have been presented to the jury under *res ipsa loquitur* theory.[3] Accordingly, the Court considers the doctrine of *res ipsa loquitur*, even though this is a premises liability case.

"Under Tennessee law, *res ipsa loquitur* is a form of circumstantial evidence that permits, but does not compel, a jury to infer negligence from the circumstances of an injury." Cannon v. McKendree Village, Inc., 295 S.W.3d 278, 284 (Tenn. Ct. App. 2008) (collecting cases). "The doctrine does not dispense with the plaintiff's burden of proof, but it merely allows an inference of

---

[3]The facts in Morris, however, are worlds apart from those presented here. There, a patron slipped on a puddle of water in the frozen food section of a Sam's Club store. There was evidence indicating that the water came from a spot box freezer from which a plug had been removed, and the manager "pointed out" the condition to plaintiff and (according to plaintiff) stated that the freezer was new and may not be working properly. Such evidence suggested not only that Sam's Club had control over the freezer, but also Sam's Club's negligence was the cause of Plaintiff's injuries. Yet, even with this evidence, Judge Krupansky dissented, being of the view that the evidence was insufficient to establish Sam's Club had exclusive control over the condition which caused plaintiff's injuries.

Here, in contrast, there is a total lack of evidence suggesting how the water and lettuce came to be on the floor, or that Wal-Mart was somehow responsible for those items being on the floor.

negligence where the jury has a common knowledge or understanding that events which resulted in the plaintiff's injury do not ordinarily occur unless someone was negligent." Id.

A plaintiff asserting *res ipsa loquitur* "must demonstrate that he or she was injured by an instrumentality that was in the defendant's exclusive control and that the injury would not ordinarily have occurred in the absence of negligence." Seavers v. Methodist Med. Ctr., 9 S.W.86, 91 (Tenn. 1999). Still, "Tennessee courts have cautioned against a literal reading of the 'exclusive control' requirement" because, "'if read too literally, [it becomes] overly restrictive.'" Deuel v. Surgical Clinic, PLLC, 2010 WL 3237297 *12 (Tenn. Ct. App. Aug. 16, 2010) (citation omitted); see also, Morris, 859-61. Rather, "the 'exclusive control' element serves the purpose of demonstrating that the causal negligence was probably the defendant's, *i.e*., that the defendant is responsible for the plaintiff's injury." Id. "All that is required is evidence from which reasonable persons can say that, on the whole, it is more likely that negligence attributable to the defendant caused the plaintiff's injury." Burton v. Warren Farmers Co-op, 129 S.W.3d 513, 523 n.4 (Tenn. Ct. App. 2002).

Here, Plaintiffs have wholly failed to show that the lettuce and water on the floor was probably Wal-Mart's doing, or that it was more likely than not due to Wal-Mart's negligence. Mrs. Villanueva-Essig, herself, claims that she slipped in a "heavily traveled" and "very busy" area of the store. Thus, any number of people had access to the area where she slipped and any number of people could have dropped water and lettuce (or wet lettuce) on the floor.

In sum, a jury in this case would only be able to speculate that Wal-Mart was responsible for the condition which led Mrs. Villanueva-Essig to slip on the floor thereby suffering injuries. However, negligence is not "presumed by the mere happening of an injury or accident," and "[w]here there is a complete absence of proof as to when and how the dangerous condition came

6

about, it [is] improper to permit the jury to speculate." Hardesty v. Service Merchandise Co., Inc., 953 S.W.2d 678, 683 (Tenn. App. 1997).

## IV. **CONCLUSION**

On the basis of the foregoing, Wal-Mart's Motion for Summary Judgment will be granted, and judgment will be entered in its favor and against Plaintiffs.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE